UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR GOMEZ, JR.,<br><br>           Plaintiff,<br><br>      vs.<br><br>CECIL MAIN STREET LLC, a Delaware limited liability corporation; and MAIN STREET HOTEL MANAGEMENT, LLC, a California limited liability corporation;<br><br>           Defendants. | Case No.: EDCV12-2067-VAP (DTBx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER |

The Court, having considered the Stipulation for Protective Order submitted by the Parties, and finding good cause, hereby ORDERS as follows:

**I.  DEFINITIONS**

1. This Order shall govern the production, use and disclosure of all material and information in this Action constituting, containing or disclosing, in whole or in part, "Restricted Information," as defined herein. This Order shall also apply to all other parties who appear in this action and whose counsel has received a copy of this Order.

2. As used in this Order, the following definitions shall apply:

   a. The term "Restricted Information" refers to material/information of any type (including, but not limited to, communications and recordings contained in testimony, documents, discovery responses, e-mail, and all other media of expression) that has been designated "Confidential" and includes: (1) proprietary technical information and specifications; (2) trade secrets; (3) confidential know-how; (4) proprietary business and financial information; (5) social security numbers, personal financial information, tax returns, driver's license numbers, and other personal or private information, and (6) any other information the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the entity from which the information is obtained or of a third-party not a party to this Action. The parties will use reasonable care to avoid designating as "Restricted Information" any documents or information that (i) is in the public domain; or (ii) does not fall into any of the items (1) through (6) of this subparagraph. The fact that information is designated "Restricted Information" by a party does not constitute a waiver, concession, or admission by any other party that the information has been appropriately designated.

   b. The term "Designating Party" refers to the party that has produced material/information containing Restricted Information. (In the case of materials produced by a third party, the term "Designating Party" refers to the party

or non-party that has designated as "Restricted Information" the material/information that has been produced by the third party.)

   c. The term "Receiving Party" refers to the party or parties, and/or their counsel, to which material/information containing Restricted Information has been produced.

  3. All material/information produced in this litigation, through discovery, trial or otherwise, and designated by the Designating Party as "Restricted Information," shall be subject to the non-disclosure provisions of this Order. In addition, any party may designate places or things subject to a discovery request for inspection or production as Restricted Information by informing counsel for the inspecting party in writing, prior to such inspection, that such information shall be deemed Restricted Information subject to this Order.

  4. Except as may be otherwise provided by this Order or by further order of the Court, access to Restricted Information shall be limited to: (1) the Court and its officers; (2) mediators and/or arbitrators who may be engaged by the parties; (3) court reporters and/or videographers at depositions, hearings or other proceedings in this litigation; (4) attorneys of record in this litigation and in-house counsel for the parties, including the secretarial, legal assistant and office staffs of such attorneys, including outside vendors performing administrative or technical support tasks; (5) persons engaged by attorneys of record in this litigation to assist them in the preparation of this litigation, including independent experts and consultants and their employees retained for purposes of this litigation, with disclosure only permitted to the extent necessary to perform such work, provided further that such person shall first execute the Acknowledgement attached to this Order as Exhibit A; (6) the parties or employees of any party who are providing assistance to counsel in this litigation; and (7) non-expert witnesses used by any party in the action (collectively, the "Approved Persons"). Approved Persons having access to Restricted Information shall not disclose such Restricted Information to any person

not bound by this Order and shall not use such material/information for any purpose other than for purposes of this litigation.

5. All Restricted Information produced or exchanged in the course of this Action shall be used solely for the purpose of preparing for and conducting this Action, including trial and appeal, if any, and shall not be used in any other civil action or for any other purpose whatsoever, including, but not limited to, any business purpose, except as may be ordered by this Court or where there is an express written agreement between the parties to the contrary.

6. No party and no other person granted access to Restricted Information under this Order shall disclose Restricted Information, or any material/information therefrom, except as provided in this Order.

7. Notwithstanding the foregoing, this Order do not restrict the right of the Designating Party to make such use or disclosure of its own documents or material that have been designated as Restricted Information as it otherwise is entitled to make. In addition, a Designating Party does not waive the classification of its own material/information as Restricted Information if such Designating Party discloses such information to non-parties for any reason.

8. The designation and handling of Restricted Information shall be as follows:

   a. Material/information produced in the course of discovery (either formally or informally) that the designating party deems to contain Restricted Information may be designated "Confidential" in accordance with this Order.

   b. All material/information designated as Restricted Information shall be marked or stamped by the designating party prior to the production thereof with at least the words "Confidential." Such marking or stamping shall be applied to each page of the document or other discovery material; however, where the stamp is applied to the first page of a multi-page document, the designation shall apply equally to each page of the document. All correspondence and other written

materials which quote from or refer to the substance of any Restricted Information shall also be treated as "Confidential" in accordance with the terms of this Order, and each page of such documents shall be marked in accordance with the terms of this Order.

9. Whenever material/information to be produced during discovery in this Action contains information that a third party believes constitutes Restricted Information of that third party, the third party may designate that information as Restricted Information pursuant to this Order.

10. Except upon further Order of the Court, or with the express written consent of counsel for the Designating Party, material/information designated as "Confidential" shall not be disclosed to any person except those specified in Paragraph 4 hereof, and shall not be used by any person for any purpose, including, but not limited to, any business purpose, except in connection with this Action.

11. Notwithstanding the provisions of Paragraph 9, above, any party who produces material/information to any other party during the course of discovery in the Action without designating such discovery material as Restricted Information pursuant to Paragraph 9, above, may subsequently elect to treat such discovery material as Restricted Information.

12. Attorneys of record for the parties shall exercise reasonable care to ensure that when Restricted Information is used for the purposes permitted under this Order, the circumstances of such use do not reveal the content of the Restricted Information to any unauthorized person. Any Approved Person (other than the Court and its officers and employees, attorneys of record for the parties, and in-house counsel for the parties) having substantive (i.e., non-administrative and non-technical) access to Restricted Information shall be informed of the Order by counsel permitting such access and shall agree to be bound thereto, and shall execute a declaration of compliance, in the form annexed hereto as Exhibit A, prior to having such access. Approved Persons having access to Restricted Information

shall not disclose such material/information to any person not bound by this Order.

13. Any party seeking to disclose Restricted Information to any witness, including an Approved Person, at a deposition, hearing, trial or other proceeding in this litigation, shall inform such witness of this Order. The witness shall agree in writing to be bound by the terms of this Order by executing a copy of Exhibit A (which shall be maintained by the attorneys of record for the party seeking to reveal the Restricted Information to the witness) in advance of being shown the Restricted Information. The parties (and their counsel) shall request all witnesses to whom they seek to show Restricted Information to execute a copy of Exhibit A. Neither the parties nor their counsel shall discourage any witness from signing a copy of Exhibit A. If a witness refuses to execute a copy of Exhibit A, Restricted Information may not be disclosed to such witness, except by Order of the Court. Notwithstanding the foregoing, nothing in this Order precludes any Party or its attorneys from showing Restricted Information to an individual who either prepared the document prior to the filing of this action, or is identified on the face of the document as an addressee or copy addressee.

14. In connection with the taking of any deposition in this litigation, counsel for any party hereto may designate the entire deposition transcript, or any portion thereof, as Restricted Information, prior to, during, or after the deposition. Prior to any deposition in this matter, the party noticing the deposition shall give a copy of this Order to the court reporter and videographer, if any, reporting the deposition. The court reporter and/or videographer shall acknowledge receipt of a copy of this Order by executing a copy of Exhibit A. Such acknowledgment shall thereafter remain in effect for any subsequent depositions reported by such reporter and/or videographer.

15. Where a party seeks to use material marked as Confidential in a filing with the Court, that party shall provide seven (7) days' notice of its intent to the Designating Party. The Designating Party will, within five (5) days of receiving

1 notice of intent to use Confidential material in a filing, prepare a Motion and
2 Proposed Order requesting the Court file those documents under seal, as
3 contemplated by Local Rule 79-5.1.  The Designating Party must, in its Motion and
4 Proposed Order, state sufficient grounds for the Court to find that protection is
5 clearly warranted, making the requisite showing on a document by document basis.

6      16.   Pursuant to Paragraph 15, the Designating Party shall provide its
7 Motion and Proposed Order to the party seeking to use the Confidential material in a
8 Court filing.  The party seeking to use the Confidential material in a Court filing
9 shall file the Motion and Proposed Order with the Court, simultaneously with
10 redacted versions of its filings (i.e., redacted drafts of its moving papers). The party
11 seeking to use the Confidential material will execute the filing in compliance with
12 Local Rule 79-5.1.

13      17.   If the Court finds there is insufficient grounds to file the documents
14 under seal, immediately thereafter the party seeking to use the Confidential material
15 will re-file its documents without needing to redact or otherwise protect the
16 Confidential material.

17      18.   Any party to this litigation may at any time notify the other party hereto
18 in writing or upon the record of the deposition or hearing of its objection that a
19 portion or all of the material/information previously designated as "Confidential" is
20 not entitled to such protection under the terms of this Order.  The parties shall first
21 attempt, in good faith, to resolve such dispute by means of informal negotiation.  If
22 such negotiation fails to resolve the dispute, then, within thirty (30) calendar days
23 following the failure of such negotiations, or in the case of a deposition, within
24 thirty (30) calendar days after receiving a copy of the transcript excerpt wherein the
25 objection was made, the party challenging the designation of particular information
26 as Restricted Information may file a motion for an order
27 shall be made only a motion made in strict compliance with Local Rules 37-1 and
28 37-2.

19. If a party to this Order (or its counsel) becomes aware that disclosure of Restricted Information has been made to other than an Approved Person, such party (or its counsel) shall immediately inform counsel for the party whose Restricted Information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure, and shall promptly take all reasonable measures to prevent further or greater unauthorized disclosure of the Restricted Information.

20. Any party who receives a request for the production of Restricted Information covered by this Order shall provide prompt written notice of the request to the party(ies) who produced and/or designated the Restricted Information. A request for purposes of this paragraph shall include, without limitation, a subpoena, a Court order or a request from an administrative, legislative or other governmental agency, or from any other person purporting to have authority to subpoena, demand, or request such information. If a subpoena or request purports to require production of Restricted Information on less than 14 days calendar notice, the Party to whom the subpoena or request is directed shall give prompt telephonic notice of receipt of such subpoena or request, and transmit a copy by facsimile or next day delivery or e-mail PDF to the attorneys for the producing or disclosing party. The party possessing such Restricted Information shall, to the extent permitted by law, retain such Restricted Information until an attempt to quash the subpoena or demand is resolved. The party possessing such Restricted Information shall not produce such Restricted Information until the time for making a motion to quash has run, or if a timely motion to quash is made, until the motion is resolved. Aside from providing notice, the party possessing such Restricted Information is not obligated to take any action to challenge the request for production.

21. After final termination of this litigation (via settlement, final judgment after expiration of all appeals, or otherwise), the Designating Party may request that the party to whom the Restricted Information was produced either return or destroy

the Restricted Information (except for pleadings or other documents filed with the court, correspondence, deposition transcripts and exhibits, and/or the work product of counsel for parties to this Action, that incorporate Restricted Information.)  The party receiving such a request shall comply within sixty (60) calendar days of such a request by either (i) returning the Restricted Information to the Designating Party or (ii) destroying the Restricted Information and providing a written certification that the Restricted Information has been destroyed.  If no such request is made, the Receiving Party shall maintain the Restricted Information in such a manner as to preclude disclosure of such Restricted Information other than as authorized in this Order.

22.   This Order shall not be construed:

a.   To prevent any party or its counsel from lawfully making use of material/information that was lawfully in its possession prior to receiving the same material/ information from a Designating Party during the course of this Action; or

b.   to apply to information that appears in issued patents or printed publications or that otherwise is or becomes publicly known through some means other than a party's violation of this Order.

23.   This Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds, and nothing contained herein shall be construed as a waiver of any applicable privilege or any objection that might be raised as to the admissibility at trial of any information or material.  The execution of this Order shall not operate as an admission against or otherwise prejudice any contention of any party on any motion, or in any other proceeding in this litigation, nor shall this Order be taken to constitute a waiver of any party's right to seek relief from the Court from any or all provisions of this Order.

24.   The parties hereto reserve all rights to apply to the Court for an order modifying this Order or seeking further protection on this or other issues, and this Order shall not be construed to preclude a party from applying for or obtaining such

further protection.

25. No part of the terms, conditions or limitations imposed by this Order may be modified or terminated except by order of the Court, or by written agreement signed by all parties hereto and approved by the Court.

26. Any third party upon whom the parties serve a subpoena requesting documents or other material/information in this litigation may avail itself of this Order and, by signing the Stipulation, may become a party to this Order.

27. Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this litigation, and the Court shall retain jurisdiction with respect to this Order following termination of this litigation.

28. Plaintiffs' counsel will provide any parties added to this litigation subsequent to the entry of this Stipulation and Order with a copy of this Order, as well as a signature page for the newly added part(ies). The newly added part(ies) and/or counsel, will return the endorsed signature page to Plaintiffs' counsel and serve a copy of counsel for all other parties to the action.

Dated: July 9, 2013

*[signature]*

HON. DAVID T. BRISTOW
U.S. District Court

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

1. I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Salvador Gomez, Jr. v. Cecil Main Street, LLC, et al., case no. EDCV12-2067VAP (DTBx)*, a copy of it has been provided to me. I understand the provisions of this Stipulation and Protective Order, and agree to comply with and to be bound by its provisions.

2. I will not reveal Restricted Information to anyone, except as permitted by the Stipulation And Protective Order and will maintain all Restricted Information in a secure manner to prevent unauthorized access to it. I will use Restricted Information only for purposes of the above-referenced litigation.

3. Within 30 (days) days of receiving a request from any party, I will return any Restricted Information, including copies of notes thereof, to the Party or attorneys who provided me with the Information or destroy the information. However, I will not be obligated to return or destroy my work product that incorporates Restricted Information.

4. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Executed this _____ day of _____, 20__, at _____, _____.

BY: _____
      Signature

_____
Name (printed)

_____
Affiliation/ Company

_____
Date